UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

ANTHONY C. TRAPP,                   :

                         Plaintiff,         :        No. 11 Civ. 5587 (SAS)

                                    :

                  - against -           :        **ANSWER**

                                    :

SG AMERICAS SECURITIES, LLC (d/b/a SOCIETE    :
GENERALE CORPORATE & INVESTMENT BANKING),  :
RICHARD DELLOLIO, in his professional and individual    :
capacities, GERARD RUDOLPH, in his professional and    :
individual capacities,                               :

                                    :

                  Defendants.       :

---------------------------------------------------------x

         Defendant, Société Générale ("SG") (improperly named as SG Americas

Securities, LLC (d/b/a Societe Generale Corporate & Investment Banking ("SGCIB")), Richard

Dellolio ("Mr. Dellolio"), and Gerard Rudolph ("Mr. Rudolph," Messrs. Dellolio and Rudolph

collectively, the "Individual Defendants") by their attorneys, Kramer Levin Naftalis & Frankel

LLP, for their Answer to Plaintiff's Complaint dated August 11, 2011 (the "Complaint"), state as

follows:

## NATURE OF THE CLAIMS

         1.      Deny the allegations contained in paragraph 1 of the Complaint, except

refer to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, (the "ADA"), the New

York State Human Rights Law, New York Executive Law §§ 290, *et seq.* ("NYSHRL"), the

New York City Human Rights Law, New York City Administrative Code §§ 8-101, *et seq.*

("NYCHRL"), and the Family and Medical Leave Act, 29 U.S.C. §§ 2601, *et seq.* (the "FMLA")

for their true, correct, and complete contents.

         2.      Deny the allegations contained in paragraph 2 of the Complaint.

         3.      Deny the allegations contained in paragraph 3 of the Complaint.

## JURISDICTION OF THIS COURT

4.     Deny the allegations contained in paragraph 4 of the Complaint, except admit that Plaintiff seeks to premise jurisdiction upon 28 U.S.C. §§ 1331, 1343, and 1367(a).

5.     Deny the allegations contained in paragraph 5 of the Complaint, except admit that Plaintiff seeks to premise venue upon 28 U.S.C. § 1391(b).

## PARTIES

6.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 6 and otherwise deny the allegations contained in paragraph 6 of the Complaint, except admit that Plaintiff was employed from about December 2006 to December 3, 2009 and that Plaintiff was terminated on December 3, 2009.

7.     Paragraph 7 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 7 can be construed to contain any factual allegations, deny such allegations.

8.     Deny the allegations contained in paragraph 8 of the Complaint, except admit that SG is a financial services company offering banking and investment services with a branch location at 1221 Avenue of the Americas, New York, New York 10020.

9.     Deny the allegations contained in paragraph 9 of the Complaint, except admit that Mr. Dellolio is a Director at SG, acted as Plaintiff's immediate supervisor during periods in 2008 to 2009, and is a resident of the State of New York.

10.     Deny the allegations contained in paragraph 10 of the Complaint, except admit that Mr. Rudolph is an employee at SG and a resident of the State of New Jersey.

2

KL3 2846444.1

## ADMINISTRATIVE PROCEDURES

11.     Paragraph 11 of the Complaint purports to state a legal conclusion, to which no response is required. To the extent paragraph 11 can be construed to contain any factual allegations, deny knowledge or information sufficient to form a belief as to the truth of the allegations, except refer to the ADA for its true, correct, and complete contents.

12.     Deny the allegations contained in paragraph 12 of the Complaint, except admit that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on or about September 23, 2010 and refer to such charge for its complete contents.

13.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admit that the EEOC issued a Notice of Right to Sue on May 15, 2011.

14.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except refer to the NYCHRL for its true, correct, and complete terms.

15.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

## FACTUAL ALLEGATIONS

16.     Admit the allegations contained in paragraph 16 of the Complaint.

17.     Deny the allegations contained in paragraph 17 of the Complaint.

18.     Deny the allegations contained in paragraph 18 of the Complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

3

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiff took a short-term disability leave from around December 2008 to April 2009.

21.     Deny the allegations contained in paragraph 21 of the Complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Deny the allegations contained in paragraph 24 of the Complaint, except admit that Plaintiff was assigned to the internal Stock Loan audit.

25.     Deny the allegations contained in paragraph 25 of the Complaint, except admit that on or around December 16, 2008, Plaintiff attended a meeting with Mr. Dellolio and Managing Director Mark Johnson, Regional Head of Audit – Americas, regarding Plaintiff's performance.

26.     Deny the allegations contained in paragraph 26 of the Complaint.

27.     Deny the allegations contained in paragraph 27 of the Complaint.

28.     Deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiff was on a limited work schedule for a period following his return from disability leave in April 2009, that Plaintiff was allowed to work in SG's office in Jersey City, and that Plaintiff was periodically allowed to work from his home.

29.     Deny the allegations contained in paragraph 29 of the Complaint.

30.     Deny the allegations contained in paragraph 30 of the Complaint.

4

KL3 2846444.1

31.     Deny the allegations contained in paragraph 31 of the Complaint, except admit that Plaintiff was periodically allowed to work from his home.

32.     Deny the allegations contained in paragraph 32 of the Complaint, except admit that Plaintiff did not receive a merit-based bonus in 2009.

33.     Deny the allegations contained in paragraph 33 of the Complaint, except admit that Plaintiff and Mr. Rudolph worked together on an audit and that Mr. Rudolph maintained an excel spreadsheet that tracked his own time and, for a short period of time, that of another employee.

34.     Deny the allegations contained in paragraph 34 of the Complaint.

35.     Deny the allegations contained in paragraph 35 of the Complaint.

36.     Deny the allegations contained in paragraph 36 of the Complaint.

37.     Deny the allegations contained in paragraph 37 of the Complaint.

38.     Deny the allegations contained in paragraph 38 of the Complaint, except admit that on or around July 8, 2009, Plaintiff met with the Individual Defendants and that thereafter Mr. Rudolph received a memorandum addressed to certain behavior he exhibited in that meeting, and refer to such memorandum for its true and correct content.

39.     Admit the allegations contained in paragraph 39 of the Complaint.

40.     Deny the allegations contained in paragraph 40 of the Complaint.

41.     Deny the allegations contained in paragraph 41 of the Complaint, except admit that Plaintiff had a meeting with the Human Resources Department in or around July 2009.

42.     Deny the allegations contained in paragraph 42 of the Complaint, except admit that a representative from the Human Resources Department met with the Individual Defendants in or around July 2009.

5

43.     Deny the allegations contained in paragraph 43 of the Complaint, except admit that Mr. Dellolio met with Plaintiff on or around July 31, 2009 regarding Plaintiff's performance evaluation.

44.     Deny the allegations contained in paragraph 44 of the Complaint.

45.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, except admit that Plaintiff took a leave in or around September 2009.

46.     Deny the allegations contained in paragraph 46 of the Complaint, except admit that Mr. Dellolio informed the Human Resources Department that Plaintiff was absent from the office and not responsive to Mr. Dellolio's communication attempts.

47.     Deny the allegations contained in paragraph 47 of the Complaint, except admit that Plaintiff contacted John Fitzgerald, Director of Human Resources, in or around September 2009, and met with a representative from the Human Resources Department and in-house counsel in or around October 2009.

48.     Deny the allegations contained in paragraph 48 of the Complaint.

49.     Deny the allegations contained in paragraph 49 of the Complaint.

50.     Deny the allegations contained in paragraph 50 of the Complaint.

51.     Deny the allegations contained in paragraph 51 of the Complaint, except admit that Plaintiff requested permission to take the Series 24 license examination and that his request was denied by SG's Compliance Department.

52.     Deny the allegations contained in paragraph 52 of the Complaint, except admit that Plaintiff was terminated on or around December 3, 2009.

53.     Deny the allegations contained in paragraph 53 of the Complaint.

6

54.     Deny the allegations contained in paragraph 54 of the Complaint.

55.     Deny the allegations contained in paragraph 55 of the Complaint.

56.     Deny the allegations contained in paragraph 56 of the Complaint.

**First Cause of Action**
**(Discrimination and Harassment in Violation of the ADA against SGCIB)**

57.     SG repeats and reasserts its responses to paragraphs 1 through 56 of the
Complaint as if set forth in full herein.

58.     Denies the allegations contained in paragraph 58 of the Complaint.

59.     Denies the allegations contained in paragraph 59 of the Complaint.

60.     Denies the allegations contained in paragraph 60 of the Complaint.

61.     Denies the allegations contained in paragraph 61 of the Complaint.

62.     Denies the allegations contained in paragraph 62 of the Complaint.

**Second Cause of Action**
**(Retaliation in Violation of the ADA against SGCIB)**

63.     SG repeats and reasserts its responses to paragraphs 1 through 62 of the
Complaint as if set forth in full herein.

64.     Denies the allegations contained in paragraph 64 of the Complaint.

65.     Denies the allegations contained in paragraph 65 of the Complaint.

66.     Denies the allegations contained in paragraph 66 of the Complaint.

**Third Cause of Action**
**(Violation of the Duty of Reasonable Accommodation under the ADA against SGCIB)**

67.     SG repeats and reasserts its responses to paragraphs 1 through 66 of the
Complaint as if set forth in full herein.

68.     Denies the allegations contained in paragraph 68 of the Complaint.

69.     Denies the allegations contained in paragraph 69 of the Complaint.

KL3 2846444.1

70.     Denies the allegations contained in paragraph 70 of the Complaint.

**Fourth Cause of Action**
**(Discrimination and Harassment in Violation of the NYSHRL against SGCIB)**

71.     SG repeats and reasserts its responses to paragraphs 1 through 70 of the Complaint as if set forth in full herein.

72.     Denies the allegations contained in paragraph 72 of the Complaint.

73.     Denies the allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint.

75.     Denies the allegations contained in paragraph 75 of the Complaint.

**Fifth Cause of Action**
**(Retaliation in Violation of NYSHRL against SGCIB)**

76.     SG repeats and reasserts its responses to paragraphs 1 through 75 of the Complaint as if set forth in full herein.

77.     Denies the allegations contained in paragraph 77 of the Complaint.

78.     Denies the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint.

**Sixth Cause of Action**
**(Violation of Duty of Reasonable Accommodation under NYSHRL against SGCIB)**

80.     SG repeats and reasserts its responses to paragraphs 1 through 79 of the Complaint as if set forth in full herein.

81.     Denies the allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint.

83.     Denies the allegations contained in paragraph 83 of the Complaint.

KL3 2846444.1

**Seventh Cause of Action**
**(Aiding and Abetting Violation of NYSHRL against Individual Defendants)**

84.     The Individual Defendants repeat and reassert their responses to

paragraphs 1 through 56 of the Complaint as if set forth in full herein.

85.     Deny the allegations contained in paragraph 85 of the Complaint.

86.     Deny the allegations contained in paragraph 86 of the Complaint.

87.     Deny the allegations contained in paragraph 87 of the Complaint.

88.     Deny the allegations contained in paragraph 88 of the Complaint.

**Eighth Cause of Action**
**(Discrimination and Harassment in Violation of NYCHRL against SGCIB)**

89.     SG repeats and reasserts its responses to paragraphs 1 through 83 of the

Complaint as if set forth in full herein.

90.     Denies the allegations contained in paragraph 90 of the Complaint.

91.     Denies the allegations contained in paragraph 91 of the Complaint.

92.     Denies the allegations contained in paragraph 92 of the Complaint.

93.     Denies the allegations contained in paragraph 93 of the Complaint.

94.     Denies the allegations contained in paragraph 94 of the Complaint.

**Ninth Cause of Action**
**(Retaliation in Violation of NYCHRL against SGCIB)**

95.     SG repeats and reasserts its responses to paragraphs 1 through 83 and 90

through 94 of the Complaint as if set forth in full herein.

96.     Denies the allegations contained in paragraph 96 of the Complaint.

97.     Denies the allegations contained in paragraph 97 of the Complaint.

98.     Denies the allegations contained in paragraph 98 of the Complaint.

99.     Denies the allegations contained in paragraph 99 of the Complaint.

9

## Tenth Cause of Action
**(Violation of the Duty of Reasonable Accommodation under NYCHRL against SGCIB)**

100.    SG repeats and reasserts its responses to paragraphs 1 through 83 and 90 through 99 of the Complaint as if set forth in full herein.

101.    Denies the allegations contained in paragraph 101 of the Complaint.

102.    Denies the allegations contained in paragraph 102 of the Complaint.

103.    Denies the allegations contained in paragraph 103 of the Complaint.

## Eleventh Cause of Action
**(Aiding and Abetting Violations of NYCHRL against Individual Defendants)**

104.    The Individual Defendants repeat and reassert their responses to paragraphs 1 through 56 and 84 through 88 of the Complaint as if set forth in full herein.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

106.    Deny the allegations contained in paragraph 106 of the Complaint.

107.    Deny the allegations contained in paragraph 107 of the Complaint.

108.    Deny the allegations contained in paragraph 108 of the Complaint.

## Twelfth Cause of Action
**(Discrimination in Violation of the FMLA against SGCIB)**

109.    SG repeats and reasserts its responses to paragraphs 1 through 83 and 90 through 103 of the Complaint as if set forth in full herein.

110.    Denies the allegations contained in paragraph 110 of the Complaint.

111.    Denies the allegations contained in paragraph 111 of the Complaint.

112.    Denies the allegations contained in paragraph 112 of the Complaint.

113.    Denies the allegations contained in paragraph 113 of the Complaint.

KL3 2846444.1

**Thirteenth Cause of Action**
**(Retaliation in Violation of the FMLA against SGCIB)**

114.    SG repeats and reasserts its responses to paragraphs 1 through 83, 89 through 103, and 109 and 113 of the Complaint as if set forth in full herein.

115.    Denies the allegations contained in paragraph 115 of the Complaint.

116.    Denies the allegations contained in paragraph 116 of the Complaint.

117.    Denies the allegations contained in paragraph 117 of the Complaint.

118.    Denies the allegations contained in paragraph 118 of the Complaint.

119.    Denies the allegations contained in paragraph 119 of the Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

120.    The Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

121.    Plaintiff's causes of action are barred by the doctrine of waiver and estoppel.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

122.    Plaintiff's causes of action are barred by the doctrine of unclean hands.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

123.    Plaintiff is barred from receiving any recovery because he failed to mitigate his damages.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

124.    Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or reckless indifference and based on SG's good faith efforts to comply with the applicable anti-discrimination statutes.

KL3 2846444.1

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

125.    Plaintiff's claims are barred because Defendants exercised reasonable care to prevent any discriminatory behavior and Plaintiff unreasonably failed to take advantage of preventive opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

126.    Plaintiff's claims are barred because the conduct complained of, at most, consists of nothing more than petty slights or trivial inconveniences.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

127.    Plaintiff could not, with reasonable accommodation, satisfy the essential requisites of the job.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

128.    Plaintiff failed to request a reasonable accommodation from SG.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

129.    Granting Plaintiff's request for an accommodation would have imposed an undue hardship upon SG.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

130.    At all relevant times, SG made a good-faith effort, in consultation with Plaintiff, to reasonably accommodate him, to the extent he informed SG that such accommodations were needed, and to the extent such accommodations would not cause an undue hardship to the operation of the business, and acted in good faith in all particulars in connection with Plaintiff's employment with SG.

KL3 2846444.1

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

131.    Plaintiff's causes of action are barred under the New York City Administrative Code to the extent that he failed to satisfy the jurisdictional prerequisites to this action.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

132.    Plaintiff's claims are barred because Defendants had legitimate non-discriminatory reasons for all their actions with respect to Plaintiff.

WHEREFORE, Defendants requests entry of judgment against Plaintiff dismissing the Complaint with prejudice; awarding Defendants attorneys' fees and the costs and disbursements of this action; and granting Defendants such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          September 27, 2011

KRAMER LEVIN NAFTALIS & FRANKEL LLP


By: */s/ Norman C. Simon*
          Norman C. Simon
          Samantha V. Ettari
          1177 Avenue of the Americas
          New York, New York 10036
          (212) 715-9100
          NSimon@kramerlevin.com
          SEttari@kramerlevin.com

          *Attorneys for Defendants SG (improperly named as*
          *SG Americas Securities, LLC (d/b/a Societe*
          *Generale Corporate & Investment Banking)),*
          *Richard Dellolio, & Gerard Rudolph*

KL3 2846444.1

TO:     Douglas H. Wigdor
        Lawrence M. Pearson
        Thompson Wigdor LLP
        85 Fifth Avenue
        New York, NY 10003
        (212) 257-6800
        dwigdor@thompsonwigdor.com
        lpearson@thompsonwigdor.com

        *Attorney for Plaintiff Anthony C. Trapp*

KL3 2846444.1